WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ted Hallett, | CV-11-1659-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Quality Loan Service Corporation-AZ; Quality Loan Service Corporation; Citibank N.A.; EMC Mortgage; Bear Stearns Residential Mortgage, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Temporary Injunction (Doc. 45). The Court held a preliminary injunction hearing on March 21, 2012. This Order states the Court's findings of fact and conclusions of law.

### I. BACKGROUND

In 2006, Plaintiff obtained two loans, one for $442,000 and another loan for $102,000 from Bear Stearns. The loans were secured by at least one Deed of Trust on the real property located at 39658 N. Schnepf Road, Queen Creek, Arizona 85242 (the "Property"). MERS, as nominee for Bear Stearns, was named the beneficiary under the Deed of Trust. Fidelity National Title was the original Trustee.

On January 14, 2008, a Notice of Substitution of Trustee was recorded, in which Quality Loan Service Corporation ("Quality Loan") was appointed successor Trustee. (Doc. 1-1 at 2). The same day, Quality Loan recorded a Notice of Trustee's Sale. (*Id.* at 4). That

1  Notice scheduled the trustee's sale for April 14, 2008 at 11:00 a.m. (*Id.* at 4). The trustee's
2  sale has been postponed numerous times since April 14, 2008.
3        The Trustee's Sale of the Property is currently scheduled to occur on April 9, 2012.
4  (Doc. 54).
5        On August 24, 2011, Plaintiff filed his Complaint in this Court. Plaintiff also filed an
6  ex parte Motion for Temporary Restraining Order (Doc. 3), wherein Plaintiff requested that
7  the Court enter a Temporary Restraining Order against Defendants, enjoining them from
8  going forward with a Trustee's Sale on the Property. Plaintiff alleged that when the original
9  Trustee's Sale did not occur on April 24, 2008, Defendants failed to comply with Arizona
10 Revised Statutes section 33-810(B) by not making the required declaration pertaining to the
11 status of the Trustee's Sale on the noticed sale date. (Doc. 11 at 2; Doc. 14 at 3). Arizona
12 Revised Statutes section 33-810(B) provides,

> The person conducting the sale may postpone or continue the sale from time to time or change the place of the sale to any other location authorized pursuant to this chapter by giving notice of the new date, time and place by public declaration at the time and place last appointed for the sale. Any new sale date shall be a fixed date within ninety calendar days of the date of the declaration. After a sale has been postponed or continued, the trustee, on request, shall make available the date and time of the next scheduled sale and, if the location of the sale has been changed, the new location of the sale until the sale has been conducted or canceled and providing this information shall be without obligation or liability for the accuracy or completeness of the information. No other notice of the postponed, continued or relocated sale is required except as provided in subsection C of this section.

21 Ariz. Rev. Stat. Ann. § 33-810(B).
22       On October 24, 2011, Defendant JP Morgan Chase Bank, N.A. filed a Response in
23 Opposition to the Application for Temporary Restraining Order, wherein it argued that
24 Plaintiff was not entitled to a temporary restraining order because he defaulted on his loan
25 and his claims were barred by res judicata and/or collateral estoppel because he "has brought
26 the same or similar claims now in at least three courts." (Doc. 15).
27       On November 7, 2011, this Court held a hearing on Plaintiff's Application for TRO.
28 Plaintiff and counsel for JP Morgan Chase Bank appeared at the hearing. (Doc. 19). After

finding that Plaintiff was likely to succeed on the merits that the notice and postponements were defective, the Court entered a Temporary Restraining Order. (*Id.*).[1]

On February 17, 2012, Plaintiff filed a Motion for Preliminary Injunction (Doc. 45; Doc. 49) reasserting his claims regarding the defective sale. On March 5, 2012, Defendants Citibank, N.A. and Bear Stearns Residential Mortgage Corporation filed a Response, wherein they argue that the Trustee's Sale originally noticed for April 14, 2008 was properly continued and that Plaintiff's claims are frivolous.[2] (Doc. 50).

---

[1] It is in the public interest to require lenders and agents to properly comply with Arizona's statutory deed of trust procedures. Arizona courts strictly construe deeds of trust in favor of the borrower because the statutory deed of trust procedures "strip borrowers of many of the protections available under a mortgage," such as the right of redemption after sale guaranteed under a mortgage foreclosure. *Patton v. First Fed. Sav. & Loan Ass'n*, 578 P.2d 152, 156 (Ariz. 1978). "Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower." *Id.*

[2] The Court notes that Defendants continue to rely on res judicata/collateral estoppel and their assertion that Plaintiff's claims are frivolous to dispute the temporary restraining order/preliminary injunction in this case. Defendants have provided the Court with a Complaint that Plaintiff filed in Pinal County Superior Court and the Order dismissing that Complaint. (Doc. 30-1 and Doc. 7-1). While this Complaint and Order may preclude some of the claims listed in Plaintiff's Complaint, the entry of a temporary retraining order in this case was solely based on Plaintiff's allegations that the Trustee's Sale was not properly postponed in accordance with Arizona Revised Statutes section 33-810. The Court could find nothing in Plaintiff's Pinal County Superior Court Complaint asserting violations of section 33-810.

To the extent Defendants are trying to suggest that Plaintiff could have brought his claims in that prior Complaint and thus are barred by res judicata and/or collateral estoppel, since the Pinal County Superior Court's May 21, 2012 Order dismissing Plaintiff's Complaint, the Trustee's Sale has been postponed at least twenty times. (*See* Doc. 50-1 at 6). Because Plaintiff's allegations that the Trustee's Sale was not properly postponed in accordance with section 33-810 are based on defects that occurred after May 21, 2010, res judicata and/or collateral estoppel do not apply to block his claims regarding such defects in this action. The Court has been clear that these defective notices were the basis for its Order and if Defendants were to notice a new sale in compliance with Arizona law, such new notice would not be affected by this Court's temporary restraining order. (*See* Doc. 47 at 1-2 ("Accordingly, Defendants may notice a new sale and proceed with such sale without implicating the Court's Temporary

After Defendants certified that the Trustee's Sale of the Property was to occur on April 9, 2012, Plaintiff requested a preliminary injunction hearing. The preliminary injunction hearing occurred March 21, 2012.

During the preliminary injunction hearing, Defendants called three witnesses: Bounlet Lovan, Tom Bromell, and Barbara Quiroz. Tom Bromell and Barbara Quiroz testified that they were employees of Priority Posting and Publishing, a company retained by Quality Loan Servicing to conduct Trustee's Sales and announce postponements. Both Mr. Bromell and Ms. Quiroz testified that, although they do not remember postponing the sale of the specific Property at issue in this case, it was their practice to go to Trustee's Sales, and sell properties and announce postponements based on the instructions given by the Trustee.

They both testified that they would then report that the Trustee's Sale and/or Postponement announcement had occurred to Priority Posting and Publishing, who would then create a "Certificate of Postponement," which they would then sign or have an employee of Priority Posting and Publishing electronically sign on their behalf. The signed certificates were accepted into evidence as Exhibits 16-58 at the preliminary injunction hearing.

Bounlet Louvan testified that he is an employee of Priority Posting and Publishing and liaison to Quality Loan, and the file containing the Certificates of Postponement were maintained in the ordinary course of business and consistently maintained in accordance with Priority Posting and Publishing's policies. Mr. Louvan also testified that it is Priority Posting and Publishing's routine practice to have the person who publicly announces the postponement of a Trustee's Sale report that such postponement occurred and to keep Certificates of Postponement as verification that the Trustee's Sale was postponed. Mr. Bromell and Ms. Quiroz further testified that their own records reflect that they did announce

---

Restraining Order. However, if Defendants intend to conduct a sale based on the original notice and postponements (and further postponements after the hearing), Defendants do so at their peril in view of the fact that the Court has concluded that Plaintiff is likely to succeed on the merits that the notice and postponements were defective."). Accordingly, Defendants' continual reliance on res judicata and/or collateral estoppel in opposing the temporary restraining order and/or preliminary injunction is misplaced.

the postponements of the Trustee's Sale of the Property as described in the Certificates of Postponement.

Based on the testimony of these three witnesses, the Court finds that the Trustee's Sale of the Property was properly postponed on each and every occasion described in the Certificates of Postponement in accordance with Arizona Revised Statutes section 33-810(B).

## II.   LEGAL STANDARD

To be entitled to a preliminary injunction, Plaintiff must show:

[1] he is likely to succeed on the merits,

[2] he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] the balance of equities tips in his favor, and

[4] an injunction is in the public interest.

*Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008). Even if Plaintiff has not demonstrated that he is likely to succeed on the merits, if plaintiff establishes factors [3] and [4], a preliminary injunction is also appropriate when Plaintiff has demonstrated "serious questions going to the merits" and the "hardship balance tips sharply toward plaintiff." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (2011).

## III.   ANALYSIS

In this case, Plaintiff has not shown that he is likely to succeed on the merits on his claim that the Trustee's Sale was not properly postponed in accordance with Arizona Revised Statutes section 33-810(B). During the preliminary injunction hearing, Tom Bromell, Barbara Quiroz, and Bounlet Louvan established that the Trustee's Sale of the Property was properly postponed on each occasion that a Trustee's Sale of the Property was set to occur. Accordingly, Plaintiff is unable to establish a likelihood of success on the merits or serious questions going to the merits of his Notice/defective postponement claim.

///
///
///
///

### IV. CONCLUSION

Based on the foregoing findings and conclusions,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Injunction (Doc. 45) is denied.

DATED this 22nd day of March, 2012.

James A. Teilborg
United States District Judge