WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Ted Hallett,                                    )    CV-11-1659-PHX-JAT
                                               )
              Plaintiff,                        )
                                               )
       v.                                       )    **ORDER**
                                               )
Quality Loan Service Corporation-AZ;)
Quality Loan Service Corporation;)
Citibank N.A.; EMC Mortgage; Bear )
Stearns Residential Mortgage,                   )
                                               )
              Defendants.                       )
                                               )
                                               )
_____)

       Pending before the Court are: Defendant Quality Loan Service Corporation's Motion

to Dismiss (Doc. 29), Defendants Citibank, N.A. and Bear Stearn's Mortgage Corporation's

Motion to Dismiss (Doc. 30) and JP Morgan Chase Bank, N.A's Joinder thereto (Doc. 57),

Plaintiff's Second Motion to Amend Complaint (Doc. 31), Plaintiff's Motion to Strike (Doc.

40), Plaintiff's First Motion to Clarify Preliminary Injunction Order (Doc. 79), and Plaintiff's

First Motion for New Trial (Doc. 80).  The Court now rules on the Motions.

**I.      BACKGROUND**

       In 2006, Plaintiff borrowed $544,000 through two separate loans.  The loans were

secured by Deeds of Trust on the real property located at 39658 N. Schnepf Road, Queen

Creek, Arizona 85242 (the "Property").  MERS, as nominee for Bear Stearns, was named the

beneficiary under the Deeds of Trust.

       On January 14, 2008, a Notice of Substitution of Trustee was recorded, in which

1   Quality Loan Service Corporation ("Quality Loan") was appointed successor Trustee. (Doc.

2   1-1 at 2).  The same day, Quality Loan recorded a Notice of Trustee's Sale. (*Id.* at 4). That

3   Trustee's Sale was postponed a number of times.

4        On August 24, 2011, Plaintiff filed a Complaint in this Court against Defendants.

5   Thereafter, Plaintiff filed an application for a Temporary Restraining Order to enjoin the

6   Trustee's Sale of the Property.   Plaintiff argued that, when the original Trustee's Sale did

7   not occur on April 24, 2008, Defendants failed to comply with Arizona Revised Statutes

8   section 33-810(B) by not making the required declaration pertaining to the status of the

9   Trustee's Sale on the noticed sale date.[1]  The Court granted the temporary restraining order

10  without prejudice to the Trustee properly re-noticing the sale under Arizona law. (Doc. 19).

11       Thereafter, Plaintiff filed an Amended Complaint (Doc. 20) and sought a preliminary

12  injunction of the Trustee's Sale (Doc. 45).  After Defendants certified that the Trustee's Sale

13  of the Property was to occur on April 9, 2012, despite this Court's prior finding that the

14  current Notice/Postponements were likely defective, this Court set a preliminary injunction

15  hearing for March 21, 2012 at 10:00 a.m. (Doc. 55).  After considering the evidence at the

16

17       [1]    Arizona Revised Statutes section 33-810(B) provides,

18

19            The person conducting the sale may postpone or continue the
20            sale from time to time or change the place of the sale to any
             other location authorized pursuant to this chapter by giving
21            notice of the new date, time and place by public declaration
             at the time and place last appointed for the sale. Any new
22            sale date shall be a fixed date within ninety calendar days of
             the date of the declaration. After a sale has been postponed
23            or continued, the trustee, on request, shall make available the
             date and time of the next scheduled sale and, if the location
24            of the sale has been changed, the new location of the sale
             until the sale has been conducted or canceled and providing
25            this information shall be without obligation or liability for
             the accuracy or completeness of the information. No other
26            notice of the postponed, continued or relocated sale is
             required except as provided in subsection C of this section.
27

28  Ariz. Rev. Stat. Ann. § 33-810(B).

preliminary injunction hearing, the Court found that Plaintiff was unlikely to succeed on the merits of his claim that the Trustee's Sale was not properly postponed in accordance with Arizona Revised Statutes section 33-810(B), and, thus, the Court denied the motion for preliminary injunction.  (Doc. 74).[2]

On May 2, 2012, Defendants cancelled the Notice of Trustee's Sale recorded on January 14, 2008.  (Doc. 88-1).  Plaintiff responded to the Notice of Cancellation and asserted that a new Notice of Trustee's Sale was recorded the same day. (Doc. 89).

In his Amended Complaint (Doc. 20), Plaintiff alleges that (1) Defendants failed to comply with Arizona Revised Statutes sections 33-810(B) and 33-808(A)(3)[3] in noticing the

---

[2]    Thereafter, Plaintiff filed a "Fourth Motion for Temporary Restraining Order." (Doc. 75).  The Court construed this as a Motion for Reconsideration of its Order denying the preliminary injunction and denied reconsideration.  (Doc. 77).  Plaintiff then filed a Motion to Clarify the Court's order denying the preliminary injunction (Doc. 79).

In his Motion to Clarify, Plaintiff seeks the status of the claims in his Complaint currently before the Court.  Because a ruling on Defendants' Motions to Dismiss will clarify the status of Plaintiff's claims, Plaintiff's Motion to Clarify (Doc. 79) is denied as moot.

Plaintiff also file a "Motion for a New Trial" and to Alter and Amend the Judgment. (Doc. 80).  The Court notes that a judgment has not been entered in this case. Further, a trial has not occurred.  Plaintiff's Motion for a New Trial is essentially another Motion for a Preliminary Injunction hearing and Plaintiff again seeks reconsideration of this Court's Order denying his motion for preliminary injunction.

Plaintiff argues that this Court should reconsider its prior Order because the facts it relied on are "blatantly contrary" to the Court record.  Plaintiff also argues that "testimony, exhibits and evidence denied Plaintiff by the Court were denied out of undue prejudice by the Court to the Plaintiff."  The Court finds no merit to these claims. Accordingly, Plaintiff's Motion for New Trial to Alter and Amend the Judgment (Doc. 80) is denied.

[3]    Arizona Revised Statutes section 33-808(A)(3) provides,

> Posting a copy of the notice of sale, at least twenty days before the date of sale in some conspicuous place on the trust property to be sold, if posting can be accomplished without a breach of the peace. If access to the trust property is denied

1  Trustee's Sale; and (2)  Defendants do not have standing to conduct a Trustee's Sale of the
2  Property and are required to produce a Promissory Note before they can conduct such a Sale.

3  Defendants argue that Plaintiff's Amended Complaint should be dismissed because
4  (1) Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal
5  Rule of Civil Procedure 12(b)(6) and (2) Plaintiff's claims are barred by res judicata or
6  collateral estoppel.

## II. LEGAL STANDARD

7
8  To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet
9  the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim
10 showing that the pleader is entitled to relief," so that the defendant has "fair notice of what
11 the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.
12 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

13 Although a complaint attacked for failure to state a claim does not need detailed
14 factual allegations, the pleader's obligation to provide the grounds for relief requires "more
15 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
16 will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual
17 allegations of the complaint must be sufficient to raise a right to relief above a speculative
18 level. *Id.*

19 Rule 8's pleading standard demands more than "an unadorned, the-defendant-
20 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

21

22
because a common entrance to the property is restricted by
23 a limited access gate or similar impediment, the property
shall be posted by posting notice at that gate or impediment.
24 Notice shall also be posted at one of the places provided for
posting public notices at any building that serves as a
25 location of the superior court in the county where the trust
property is to be sold. Posting is deemed completed on the
26 date the trust property is posted. The posting of notice at the
superior court location is deemed a ministerial act.
27

28
Ariz. Rev. Stat. Ann. § 33-808(A)(3).

*Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  Id. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard.  *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

## III.    ANALYSIS

Defendants argue that Plaintiff's claims relating to Defendants' standing to conduct a Trustee's Sale and demanding that Defendants prove their standing by producing the note should be dismissed because Plaintiff's claims have been rejected by the Pinal County Superior Court and the Arizona Bankruptcy Court and are thus barred by the doctrine of res judicata.  Defendants further argue that, even if these claims had not been rejected by two prior actions, they are not viable under Arizona law.

As the Pinal County Superior Court has already ruled on Plaintiff's standing and "show me the note" claims (Doc. 7-1 and Doc. 30-1), Plaintiff is barred by the doctrine of

res judicata from asserting these claims in this action.[4]

Even if res judicata did not apply to bar Plaintiff's standing and "show me the note" claims, Plaintiff has failed to state a claim upon which relief can be granted under Arizona law because nothing in the non-judicial foreclosure statutes imposes an obligation on the Bank or the Trustee to demonstrate their rights before a non-judicial foreclosure may proceed. *See Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012). Accordingly, Defendants' Motions to Dismiss will be granted with respect to these claims.

The Court notes that the remainder of Plaintiff's Amended Complaint is premised on Defendants' failure to provide him the statutorily required Notice of Trustee's Sale pursuant to Arizona Revised Statutes sections 33-810(B) and 33-808(A)(3). Because Defendants have cancelled the original Trustee's Sale and have re-noticed the Trustee's Sale, Plaintiff's claims related to the prior Notice as defective are moot.[5] *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F .3d 880, 896 (9th Cir.1994) (A case is moot when there is no longer "a present

---

[4]   Plaintiff seeks to strike Defendants' Response in Opposition to his Motion to Amend and the exhibits thereto. (Doc. 40). Plaintiff argues that the Response and Exhibits thereto should be stricken because matters outside the Complaint cannot be considered in deciding a Motion to Dismiss. Because the Court has not relied on the Exhibits attached to the Response in Opposition to Plaintiff's Motion to Amend or the any arguments relating to such exhibits in denying Plaintiff leave to amend, Plaintiff's Motion to Strike (Doc. 40) is denied as moot.

   The Court notes that Plaintiff also appears to argue that the Court cannot take judicial notice of his previous cases in bankruptcy court and Pinal County Superior Court for the purposes of considering Defendants' res judicata arguments. This argument is without merit. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the Court "may take judicial notice of court filings and other matters of public record") (internal citation omitted); *Stengel v. Medtronic, Inc.*, 676 F.3d 1159, 1167 (9th Cir. 2012 ("A court may consider facts extraneous to the complaint on a motion to dismiss, without converting the motion into one for summary judgment, if such facts are judicially noticeable under Federal Rule of Evidence 201."). Accordingly, to the extent Plaintiff requests that the Court strike filings submitted by Defendants relating to Plaintiff's other cases, such request is denied.

[5]   Plaintiff has failed to provide the Court with any authority demonstrating that he is entitled to any relief beyond Defendants' compliance with the notice statutes by providing Plaintiff proper notice by re-noticing the Trustee's Sale, as they have done.

controversy as to which effective relief can be granted.") (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir.1993) (internal quotation marks omitted)).    Accordingly, Plaintiff's claims relating to the Notice of Trustee's Sale recorded on January 14, 2008 are dismissed as moot.

Because the only remaining claims in Plaintiff's Complaint are claims for injunctive relief that are necessarily dependant on Plaintiff's success on the merits of the claims in his Complaint, Plaintiff's claims for injunctive relief are also dismissed.[6]  *See In re MERS Litig.*, 744 F.Supp.2d 1018, 1032 (D. Ariz. 2010) (When all other claims are dismissed, declaratory or injunctive relief that is premised on those claims likewise must fail).

**IV.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant Quality Loan Service Corporation's Motion to Dismiss (Doc. 29) is granted.

---

[6]    Plaintiff seeks to Amend his Complaint to assert additional claims for breach of contract and consumer fraud.  Plaintiff alleges that Defendants breached the "contracts in the form of the alleged deed/s of trust" by failing to provide proper notice of the Trustee's Sale.  Because Plaintiff cites to no contractual language in the Deed of Trust entitling him to Notice of the Trustee's Sale and, instead, this claim appears to be premised on Plaintiff's lack of notice of the Trustee's Sale which is now moot, the breach of contract count in Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted.

Plaintiff also argues that Defendants have engaged in unlawful practices under the Arizona Consumer Fraud Act, Arizona Revised Statutes section 44-1521 by failing to provide proper notice of the Trustee's Sale.  Because Plaintiff's claims relating to Defendants' failure to provide proper notice are now moot, the consumer fraud claim in Plaintiff's proposed amended Complaint fails to state a claim upon which relief can be granted.

Accordingly, allowing Plaintiff to amend his complaint a second time in order to assert these claims would be futile.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

Accordingly, Plaintiff's Second Motion to Amend Complaint (Doc. 31) is denied.

1

2      **IT IS FURTHER ORDERED** that Defendants Citibank, N.A. and Bear Stearn's

Mortgage Corporation's Motion to Dismiss (Doc. 30) and JP Morgan Chase Bank, N.A's

3      Joinder thereto (Doc. 57) are granted.

4      **IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Amend Complaint

5      (Doc. 31) is denied.

6      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 40) is denied as

7      moot.

8      **IT IS FURTHER ORDERED** that Plaintiff's First Motion to Clarify Preliminary

9      Injunction Order (Doc. 79) is denied as moot.

10     **IT IS FINALLY ORDERED** that Plaintiff's First Motion for New Trial (Doc. 80)

11     is denied.

12     This case is dismissed with prejudice.  The Clerk of the Court shall enter judgment for

13     Defendants.

14     DATED this 9th day of July, 2012.

15

16

17                                        _____
                                          James A. Teilborg
18                                        United States District Judge

19

20

21

22

23

24

25

26

27

28